**Max Eddy MARTINEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73875.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2012.[*]

Filed July 25, 2012.

Esmeralda A. Alfaro, Esquire, Bailey & Alfaro, LLP, Los Angeles, CA, for Petitioner.

James Arthur Hunolt, Senior Litigation Counsel, Patrick James Glen, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security Los Angeles, CA, Ronald E. Lefevre, Office of the District Coun-

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

sel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Max Eddy Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Camins v. Gonzales,* 500 F.3d 872, 876 (9th Cir.2007), and we grant the petition for review and remand for further proceedings.

In concluding that Martinez was seeking admission to the United States, and was therefore subject to charges of inadmissibility, the agency did not have the benefit of *Vartelas v. Holder,* — U.S. —, 132 S.Ct. 1479, 1483–84, 1490–92, 182 L.Ed.2d 473 (2012), in which the Supreme Court held that 8 U.S.C. § 1101(a)(13)(C)(v) does not apply to criminal convictions that predate the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208 ("IIRIRA"). Additionally, in concluding that Martinez was ineligible for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act, the agency did not have the benefit of *Peng v. Holder,* 673 F.3d 1248, 1256–57 (9th Cir.2012), where we held that § 212(c) relief remains available to certain aliens who proceeded to trial prior to IIRIRA.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In light of this intervening caselaw, we remand to the BIA with instructions to remand to the IJ to conduct further proceedings regarding Martinez's inadmissibility and, if necessary, regarding his eligibility for § 212(c) relief.

**PETITION FOR REVIEW GRANTED; REMANDED.**